Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
Nina Leviten (No. 351970)
nina.leviten@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    415-471-3100
Facsimile:    415-571-3400

Alex Beroukhim (No. 220722)
alex.beroukhim@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    213-243-4000
Facsimile:    213-243-4199

Attorneys for Defendant
FLOCK GROUP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIAN ELDRIDGE and SILAS PEREZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>FLOCK GROUP INC.,<br><br>          Defendant. | Case No. 3:26-cv-2375<br><br>**DEFENDANT'S NOTICE OF PENDENCY OF OTHER ACTION** |

- 1 -

Defendant Flock Group Inc. ("Flock") hereby advises the Court that the above-captioned case involves the same subject matter and similar parties as another class action arising from the same alleged actions by Flock, *Javorsky et al. v. Flock Group Inc.*, Case No. 3:26-cv-2382 in the United States District Court for the Northern District of California ("*Javorsky*").

(1)     Description: *Javorsky* is a putative class action that was filed in the Superior Court of the State of California for the County of San Francisco on February 26, 2026. The *Javorsky* plaintiffs allege that Flock violated Cal. Civ. Code §§ 1798.90.5 *et seq.* (the "ALPR Statute") by sharing California automated license plate recognition ("ALPR") data outside the state of California. The *Javorsky* plaintiffs assert claims on behalf of proposed nationwide classes of individuals whose license plate data was allegedly collected in California by Flock's ALPR system and was allegedly accessible and used by federal and out-of-state law agencies. The *Javorsky* plaintiffs assert claims that Flock violated the ALPR Statute, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and for common-law negligence, invasion of privacy under the California Constitution, and intrusion upon seclusion.

(2)     A copy of the operative complaint in *Javorsky* is attached hereto as **Exhibit A**.

(3)(a)     Procedural posture of *Javorsky*: Flock was served with the Complaint in *Javorsky* on March 13, 2026. Flock removed *Javorsky* to this District on March 18, 2026.

(b)     Relationship of *Javorsky* to this case: *Javorsky* arises out of the same facts concerning Flock's ALPR systems and alleged data sharing. The *Javorsky* plaintiffs assert similar claims, including violation of the ALPR Statute, on behalf of putative classes that substantially overlap with the putative class in this action.

(c)     Transfer of this case: Not Applicable.

(d)     Coordination with state court proceedings: Not Applicable.

Dated: March 18, 2026                          Arnold & Porter Kaye Scholer LLP

By:  */s/ Douglas A. Winthrop*
                                                        Douglas A. Winthrop
                                                        Alex Beroukhim
                                                        Nina Leviten
                                                        Attorneys for Defendant Flock Group Inc.

- 2 -

**PROOF OF SERVICE**

1. I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California 90017-5844.

2. On **March 18, 2026**, I served the following document(s):

**DEFENDANT'S NOTICE OF PENDENCY OF OTHER ACTIONS**

3. I served the document(s) on the following person(s):

**J. Aaron Lawson**
**Mickey Terlep**
**EDELSON PC**
**150 California St., 18th Floor**
**San Francisco, California 94111**
**Tel: (415) 212-9300**
**alawson@edelson.com**
**mterlep@edelson.com**

4. The documents were served by the following means:

☒ **By U.S. Mail**. I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) in Item 3 and **(check one)**:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By Overnight Delivery/Express Mail**. I enclosed the documents and an unsigned copy of this declaration in a sealed envelope or package designated by **[name of delivery company or U.S. Postal Service for Express Mail]** addressed to the persons at the address(es) listed in Item 3, with **[Express Mail postage or, if not Express Mail, delivery fees]** prepaid or provided for. I placed the sealed envelope or package for collection and delivery, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for express delivery. On the same day the correspondence is collected for delivery, it is placed for collection in the ordinary course of business in a box regularly maintained by

- 3 -

**[name of delivery company or U.S. Postal Service for Express Mail]** or delivered to a courier or driver authorized by **[name of delivery company]** to receive documents.

☐ **By Messenger Service**. I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed in Item 3 and providing them to a professional messenger service for service. (*See* attached Declaration(s) of Messenger.)

☒ **By Electronic Service (E-mail)**. Based on California Rule of Court 2.251(c)(3), or on a court order, or on an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) to the person(s) at the electronic notification address(es) listed in Item 3 on **March 18, 2026**.

☐ **Via Court Notice of Electronic Filing**. The document(s) will be served by the court via NEF and hyperlink to the document(s). On **March 18, 2026**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

☐ **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: **March 18, 2026**.     Signature: _____

Type or Print Name: Kathryn Jensen
E-Service Address:
kathryn.jensen@arnoldporter.com

- 4 -