# EXHIBIT 2

# Arnold & Porter

**Alex Beroukhim**
+1 213.243.7383 Direct
Alex.Beroukhim @arnoldporter.com

March 6, 2026

<u>**Via E-mail**</u>

J. Aaron Lawson
Mickey Terlep
Edelson PC
150 California Street, 18th Floor
San Francisco, California 94111
alawson@edelson.com
mterlep@edelson.com

   **Re:**  *Eldridge et al v. Flock Group, Inc.*, **Case No. C26-0066 OR**

Dear Counsel:

We represent Flock Group, Inc. ("Flock") in connection with the above-referenced action. We write regarding Flock's preservation of electronically stored information.

The allegations in the putative class action complaint concern Flock's automated license plate recognition ("ALPR") system in California. Plaintiffs allege that Flock violated California's ALPR statute (SB34) by, among other claims, failing to post an adequate usage and privacy policy despite such a policy existing on Flock's website for the entire relevant period, and allowing federal and out-of-state law enforcement agencies to access California-based ALPR information. Plaintiffs are California residents who claim that their ALPR information was captured by and stored on Flock's system and then was accessed and used by federal and out-of-state law enforcement agencies.

By way of background, Flock's customers exclusively own their ALPR information and decide the retention periods through their contracts with Flock, unless otherwise prescribed by applicable law. Although Flock's default retention period is 30 days, there is no uniform contract term for data retention. And each California customer can and often does customize the retention period, which Flock is contractually required to honor. SB34 mandates that both ALPR operators and end-users implement their retention periods as part of their own ALPR usage and privacy policies.

**Arnold & Porter Kaye Scholer LLP**
777 South Figueroa Street  |  Los Angeles, CA 90017-5844  |  **www.arnoldporter.com**

**Arnold&Porter**

March 6, 2026
Page 2

ALPR information consists of two components, (i) the actual images and (ii) the associated data reflecting the license plate characters, other vehicle characteristics, and the date, time, and location of the photographs. The ALPR image files are massive and are deleted and overwritten regularly pursuant to Flock's contracts with its customers. The information depicted in the image files (other than the image itself) are contained in the ALPR data files.

Flock is committed to its preservation obligations. Consistent with those obligations, Flock has implemented a legal hold in this matter to preserve relevant ESI. This includes preserving the ALPR data files Flock has in its possession, but not the redundant and massive ALPR images.

But even this preservation is unreasonable, disproportionate, and contrary to the California rules. See CCP § 2019.030(a).

- *Cost*. Given the volume of data, the preservation of these data files alone will be expensive in light of data storage and processing costs. The volume (and thus cost) will only continue to increase as millions of additional ALPR photographs are taken each day.
- *Burden*. It is resource intensive. Flock does not have a preexisting or automated way to preserve ALPR data indefinitely, and instead must rely on manual processes. Flock is currently devoting two engineers full-time to preserving data currently in its possession.
- *Relevance*. These data files do not have any relevance to the allegations in the complaint. The ALPR data files are not related to the dispute about whether Flock implemented and posted a compliant usage and privacy policy (First Cause of Action), whether Flock failed to maintain reasonable security procedures and practices (Third Cause of Action), or whether Flock failed to maintain adequate audit records (Fourth Cause of Action). Nor are the data files relevant to the Second Cause of Action, alleging unauthorized access to and use of California ALPR information, because the ALPR data files do not demonstrate whether there was unauthorized access to any California ALPR information. While Flock maintains audit records of users' queries for ALPR data files, Flock does not have records of the "hits" yielded from such searches.
- *Contractual and Legal Retention Restrictions*. Retaining data beyond the agreed-upon limits would be contrary to both Flock's and its customers' ALPR policies – and thus contrary to SB34 – which strictly govern data handling, retention, and destruction.

As such, Flock is not legally obligated to retain these ALPR data files.

# Arnold&Porter

March 6, 2026
Page 3

Flock is willing to voluntarily produce to Plaintiffs a redacted sample ALPR data set so that the parties can promptly have an informed discussion about the continued need to preserve this voluminous and irrelevant data. In the event that the parties are unable to reach an agreement informally regarding the lack of need to preserve this information, Flock intends to raise this issue with the Court.

Flock expressly reserves all rights and does not waive any arguments with respect to this issue or any issue in this action.

Sincerely,

Alex Beroukhim

# Arnold&Porter