J. Aaron Lawson (SBN 319306)
alawson@edelson.com
Schuyler Ufkes (*pro hac vice*)
sufkes@edelson.com
Mickey Terlep (SBN 367340)
mterlep@edelson.com
EDELSON PC
150 California St., 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300

Philip L. Fraietta (SBN 354768)
Julia K. Venditti (SBN 332688)
BURSOR & FISHER, P.A.
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
pfraietta@bursor.com
jvenditti@bursor.com

*Interim Class Counsel for Plaintiffs*

Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4164
Telephone: 415-471-3100

*Counsel for Defendant Flock Group Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FLOCK GROUP INC. AUTOMATED LICENSE PLATE READER LITIGATION | Case No. 3:26-cv-02375-VC<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING ALPR DATA PRESERVATION** |

**STIPULATION REGARDING ALPR DATA PRESERVATION**

Plaintiffs in the above-captioned consolidated action, and Defendant Flock Group Inc. ("Flock"), by and through their respective counsel, hereby stipulate and agree as follows regarding the preservation of automated license plate recognition ("ALPR") data in this consolidated action (the "Action"):

WHEREAS, *Eldridge, et al. v. Flock Group, Inc.* was filed in the Superior Court of California, County of Contra Costa on February 18, 2026, and was removed to this District on March 18, 2026;

WHEREAS, on February 23, 2026, Plaintiffs' counsel in *Javorsky, et al. v. Flock Group Inc.* sent Flock a letter demanding it begin preserving information, which Flock received in the mail on March 9, 2026;

WHEREAS, the *Javorsky* action was filed in the Superior Court of California, County of San Francisco on February 26, 2026 and was removed to this District on March 18, 2026;

WHEREAS, *Dutcher v. Flock Group Inc.* was filed in the Superior Court of California, County of Los Angeles on March 4, 2026, removed to the United States District Court for the Central District of California on March 20, 2026, and transferred to the United States District Court for the Northern District of California on May 12, 2026;

WHEREAS, on May 29, 2026, the United States District Court for the Northern District of California consolidated these cases into the Action;

WHEREAS, in letters dated March 6, 2026, to *Eldridge* counsel, March 13, 2026 to *Javorsky* counsel, and March 23, 2026 to *Dutcher* counsel, Flock notified Plaintiffs it contended that preserving (i) the actual images captured by the ALPR cameras and (ii) the raw data files associated with each image presented an unreasonable preservation burden;

WHEREAS, Flock claims that, due to how ALPR data is stored, Flock cannot apply longer retention periods for existing ALPR data for California customers only;

WHEREAS, Flock claims that, to preserve ALPR data for the litigation, Flock began, on March 5, 2026, manually identifying and extracting ALPR information for California customers in manageably-sized tranches, converting the data to .CSV files, and storing the data in a secure, private file;

WHEREAS, Flock has informed Plaintiffs' counsel of this manual process, that Flock sequenced its preservation efforts by starting with customers that have 365-day retention periods, and that the speed with which preservation can be accomplished would increase substantially if Flock preserved less than all ALPR data fields generated; and

WHEREAS, the parties have conferred several times regarding what Flock contends are Flock's legal obligation to preserve data relevant to the Action, what Flock contends are Flock's

obligations to its customers regarding data retention, and methods to alleviate the burden of preserving certain data.

NOW, THEREFORE, Plaintiffs and Flock agree as follows:

**DEFINITIONS**

1. "ALPR Images" means the photographic image files captured by Flock's ALPR cameras.
2. "California Customer" means any Flock customer that operates one or more ALPR cameras physically located within the State of California, regardless of the customer's state of incorporation, headquarters, principal place of business, or domicile. Flock's preservation obligations under this Stipulation with respect to a California Customer extend only to ALPR data generated by that customer's ALPR cameras physically located within California, and do not extend to ALPR data generated by that customer's ALPR cameras located outside California.
3. "Customer-Facing Data" means the data fields (and the contents of those fields) that Flock identified to Plaintiffs on the document produced as FLOCKALPR000004, which, except as clarified herein, Flock has represented is all the data generated by Flock that are made available to end users. The Customer-Facing Data fields are: (1) License Plate Numbers/Letters; (2) License Plate State; (3) Vehicle Make; (4) Vehicle Body Type; (5) Vehicle Color; (6) Identifiers; (7) Capture Date and Time; (8) Capture Network; (9) Capture Camera ID; (10) Capture Camera Latitude; and (11) Capture Camera Longitude. The parties agree that, for purposes of this stipulation and Flock's data preservation described herein, (i) "Image File Name" will not be included within Customer-Facing Data, and (ii) the Source Data fields "Network ID" and "Camera ID" will be included within Customer-Facing Data.
4. "Identifiers" means the Customer-Facing Data fields that, according to Flock, indicates the presence of distinguishing physical features or accessories detected on a captured vehicle, including bumper stickers, window stickers, toolboxes, back racks, and top racks. For example, the Identifiers field is reflected in Column H of FLOCKALPR000004.
5. "Identifiers Source Data" means the subset of Source Data fields that are used to generate, populate, or compute the Identifiers field.

6. "Named Plaintiffs" means any current or former named plaintiff in any case related to or consolidated with the Action whose license plate number(s) have been provided to Flock's counsel by the plaintiff or the plaintiff's counsel, including Dorian Eldridge, Silas Perez, Lance Dutcher and Sean McGinity, Daniel Javorsky, Anthony Mayor, Brendan Whitney, Larissa Cursaro, Salvador Carnero III, Timothy Aumiller, Phylicia Applewhite, Ryan Smith, Sean Arend, and Kyle Jordan. Any individual subsequently added as a named plaintiff in the Action shall be included within this definition within seven days of the filing of the operative pleading adding such individual and disclosure of license plate number/letter and state by Named Plaintiffs' counsel to Flock's counsel.

7. "Source Data" means the 130 data fields Flock identified to Plaintiffs on documents produced as FLOCKALPR000001 through FLOCKALPR000003, which Flock has represented are all the raw data fields derived from ALPR Images (other than Freeform metadata) that Flock generates through the capture and processing of ALPR Images and associated metadata, such as data about the time, location, and other related information about the vehicle.

## STIPULATED TERMS

1. General Preservation Obligations.

   a. Except as expressly set forth in this Stipulation, Flock's preservation obligations under the Federal Rules of Civil Procedure and all applicable laws remain in full force and effect. This Stipulation addresses only certain categories of data that the parties have agreed Flock need not preserve. The parties' obligations to preserve all other potentially relevant data, documents, and information are unaffected by this Stipulation, and the parties reserve all rights to seek relief for any violations of those obligations.

   b. Notwithstanding the foregoing paragraph, Flock shall preserve, for each California Customer, all Customer-Facing Data except Identifiers (the "Preserved Customer-Facing Data") and the Source Data used to generate the Preserved Customer-Facing

Data (collectively, the "Preserved Data"), which are, in total, the following Source Data fields (listed according to their corresponding Customer-Facing Data):

1. License plate numbers/letters
   a. ocr_value
   b. ocr_confidence
2. License plate state
   a. license_plate_state_value
   b. license_plate_state_confidence
3. Vehicle make
   a. vehicle_make_value
   b. vehicle_make_confidence
4. Vehicle color
   a. color_value
   b. color_confidence
5. Vehicle body type
   a. vehicle_type_value
   b. vehicle_type_confidence
6. Capture date and time
   a. captured_at
7. Capture Network ID*
   a. network_external_id*
8. Capture Camera Name*
   a. camera_name*
9. Capture Camera ID
   a. camera_external_id
10. Capture camera latitude*
    a. Latitude*
11. Capture camera longitude*

a. Longitude*

c. The parties acknowledge that, for any particular Capture Camera ID/camera_external_id, the Customer-Facing Data/Source Data fields identified above by an asterisk are fixed and, accordingly, will be available through a mapping to each captured Capture Camera ID/camera_external_id.

d. By excluding a majority of the Source Data fields from preservation as described in this section and the declaration provided by Flock in conjunction with this stipulation, Flock was able to complete the retroactive preservation of this data before June 30, 2026.

2. Identifiers and Corresponding Source Data.

a. The parties acknowledge and agree that Flock need not preserve, on either a retroactive or prospective basis, Identifiers or Identifiers Source Data. Nothing in this Stipulation constitutes a waiver of Plaintiffs' right to seek discovery of these fields, or related data, from Flock's platforms as appropriate, and nothing herein in any way limits Flock's right to resist such discovery.

b. Flock has collected, and continues to collect, Identifiers—including bumper stickers, window stickers, toolboxes, back racks, and top racks—for each vehicle that it captures through its ALPR cameras in California. For purposes of this litigation, Flock shall not deny or dispute that it collects this information.

c. To the extent Plaintiffs intend to rely on Identifiers data that Flock has not preserved pursuant to this Stipulation, the parties agree to not dispute that vehicles meeting all other available criteria were captured. For example, if a Flock customer searched a given set of cameras for a "white 2020 Toyota Prius hatchback with stickers," the parties would not dispute that all white Toyota hatchbacks captured by cameras within the search parameters would have been included in the search results to the extent Flock has not preserved the data that would be responsive to the Identifiers aspect of the search parameters.

d. Notwithstanding the provisions of this Section 2, the parties agree and acknowledge that Flock is not precluded from taking any positions or making any arguments based on the Identifiers data that it maintains at any given time in its live system in the regular course of business.

3. ALPR Images

a. Flock need not preserve raw ALPR Images for purposes of this litigation, except as provided in the following subsection.

b. Flock shall preserve all ALPR Images associated with the Named Plaintiffs that currently exist or that are subsequently captured during this litigation and any subsequent appeals (the "Preserved ALPR Images") in a manner that will permit the parties to map the Preserved ALPR Images to the Preserved Data associated with such images. To effectuate this obligation on an ongoing basis, Flock shall, within seven days of execution of this Stipulation, conduct an initial search of its systems for ALPR Images associated with the license plate number(s) that Plaintiffs' counsel provided Flock's counsel for each Named Plaintiff and preserve any responsive ALPR Images. Thereafter, Flock shall conduct the same search at a frequency that ensures all ALPR Images associated with Named Plaintiffs will be preserved prospectively. This obligation shall apply to any individual who becomes a Named Plaintiff after execution of this Stipulation beginning seven days after Flock receives the license plate number(s) associated with that Named Plaintiff.

4. Data Accuracy and Data Files

a. Plaintiffs' agreement regarding Flock's preservation obligations herein is expressly conditioned on the following: For purposes of this litigation and any appeals, including with respect to class certification, merits proceedings, damages, and any other stage of this litigation, Flock will not contend that the Preserved Data is less accurate or reliable than the data captured in ALPR Images or the Source Data.

b. If Flock learns that any Source Data or Customer-Facing Data field was omitted from or inaccurately described in FLOCKALPR000001 through

FLOCKALPR000004, Flock shall notify Plaintiffs' counsel within five (5) business days of learning of such omission or inaccuracy and shall promptly supplement the production, in any event no later than fifteen (15) business days after such discovery.

c. Neither Plaintiffs nor Flock will dispute that (i) the records reflecting the Preserved Data and the Preserved ALPR Images satisfy the requirements of Federal Rule of Evidence 803(6), or (ii) such records are authentic within the meaning of Federal Rule of Evidence 901 and self-authenticating within the meaning of Federal Rule of Evidence 902(11). Nothing in this subsection limits any party's right to raise any other objection to such records, including on grounds of relevance, prejudice, or the weight to be given to such records.

5. Notification of Data Loss or Corruption

a. If Flock learns that any data that has been preserved pursuant to this Stipulation is subsequently lost, deleted, corrupted, or altered in any manner, Flock shall notify Plaintiffs' counsel in writing within 10 business days of learning of such event. Such notification shall be sufficient to allow Plaintiffs' counsel to assess the extent of the effect on the data and circumstances surrounding it. Such notification shall include: (i) the approximate volume of data affected; (ii) the date range of affected records; (iii) the cause of the loss or corruption, to the extent known; and (iv) any steps Flock has taken or intends to take to remediate the loss.

6. Reservation of Rights

a. Nothing in this Stipulation shall be construed as a waiver of any party's claims, defenses, or arguments in this Action, except as expressly set forth herein. Nothing herein limits Plaintiffs' right to seek broader discovery, or Flock's right to object to any discovery requests, including those directed at the Preserved Data and Preserved Images, at the appropriate stage of these proceedings.

b. Nothing in this Stipulation shall be construed as a waiver, limitation, or release of Plaintiffs' right to move for sanctions, seek adverse inference instructions, or make any other spoliation arguments based on any failure by Flock to preserve ALPR data,

Customer-Facing Data (other than Identifiers or Identifiers Source Data), Source Data, or any other information, except that Plaintiffs will not seek any such sanctions, adverse inference instructions, or make spoliation arguments based on conduct that is expressly permitted by this Stipulation. Further, nothing in this Stipulation shall be construed (i) as a waiver or limitation of any and all defenses that Flock has to any such contentions, or as a release of Flock's right to seek any and all remedies or sanctions, including an award of its attorneys' fees and expenses, arising from the assertion by Plaintiffs of such contentions; or (ii) to limit Flock's right to rely on this Stipulation or the communications and negotiations between the Parties leading to its execution as evidence that Flock acted reasonably in preserving data. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

7. Limited Purpose

a. The Preserved Data and Preserved Images shall be used or accessed only in connection with the Actions and for no other purpose.

b. Certain California Customers have requested or may in the future request that Flock preserve their Source Data or ALPR Images in connection with ALPR litigation brought against them. Notwithstanding Paragraph 7(a) hereto, such customers shall have the right to use or access Preserved Data or Preserved Images that constitutes their own Source Data or ALPR Images.

c. Flock shall destroy the Preserved Data and Preserved Images upon the final conclusion of the Actions.

**IT IS AGREED AND SO STIPULATED:**

Dated: August 21, 2026

**FOR DEFENDANT FLOCK GROUP INC.**

By: /s/ Douglas A. Winthrop

Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4164
Telephone: 415-471-3100

*Counsel for Defendant Flock Group Inc.*

**FOR PLAINTIFFS:**

By: /s/ Schuyler Ufkes

J. Aaron Lawson (SBN 319306)
alawson@edelson.com
Schuyler Ufkes (*pro hac vice*)
sufkes@edelson.com
Mickey Terlep (SBN 367340)
mterlep@edelson.com
EDELSON PC
150 California St., 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300

Philip L. Fraietta (SBN 354768)
Julia K. Venditti (SBN 332688)
BURSOR & FISHER, P.A.
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
pfraietta@bursor.com
jvenditti@bursor.com

**IT IS SO ORDERED.**

DATED: August25, 2026

HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE