**EDELSON PC**
J. Aaron Lawson (SBN 319306)
alawson@edelson.com
Mickey Terlep (SBN 367340)
mterlep@edelson.com
150 California St., 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300

**EDELSON PC**
Schuyler Ufkes (admitted *pro hac vice*)
sufkes@edelson.com
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN 354768)
pfraietta@bursor.com
Julia K. Venditti (SBN 332688)
jvenditti@bursor.com
50 Main Street, Suite 475
White Plains, NY 10606
Tel: 914.874.0708
Fax: 914.206.3656

*Plaintiffs' Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE: FLOCK GROUP INC. AUTOMATED LICENSE PLATE READER LITIGATION

Case No. 3:26-cv-02375-VC

**PLAINTIFFS' OPPOSITION TO DEFENDANT FLOCK GROUP INC.'S REQUEST FOR JUDICIAL NOTICE**

Date: September 24, 2026
Time: 10:00 a.m.
Courtroom: 3 – 17th Floor
Judge: Hon. Vince Chhabria

## INTRODUCTION

Defendant Flock Group Inc. ("Flock" or "Defendant") asks this Court to take judicial notice of three documents relied upon in its motion to dismiss: (1) Flock's November 13, 2025 License Plate Reader Policy ("Exhibit A"); (2) Flock's February 16, 2026 Terms and Conditions ("Exhibit B"); and (3) a June 19, 2025 blog post from Flock's website ("Exhibit C"). (Dkt. 54-6 at 2; *see* Dkts. 54-2, 54-4, 54-5.) Plaintiffs do not oppose the Court's consideration of Exhibits A and B as incorporated by reference into the Consolidated Amended Complaint ("CAC"), or its judicial notice that Exhibits A–C exist and bear the dates displayed on their face. But Plaintiffs do oppose Defendant's use of the exhibits to establish disputed factual assertions about who controlled the sharing of ALPR data and how Flock's network actually operated, for two reasons. First, neither Rule 201 nor the incorporation by reference doctrine permits the Court to accept disputed representations in the exhibits as proof of how Flock's system operated. Second, the exhibits postdate much of the putative class period and cannot establish Flock's conduct before they existed.

## I. LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b).[1] Factual determinations on a motion to dismiss are improper. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005).

There are two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—that allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into one for summary judgment. *See Lee*, 250 F.3d at 688–90. Judicial notice is limited to facts "not subject to reasonable dispute[,]" Fed. R. Evid. 201(b), while incorporation-by-reference treats documents the complaint refers to extensively, or on which it necessarily

[1] If the court does not exclude evidence presented outside the pleadings, "the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d).

relies, as though they were part of the complaint itself, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018). Although a court generally may assume an incorporated document's contents are true, it may not do so where that assumption would contradict well-pleaded allegations or resolve a factual dispute against the plaintiff. *Id.* at 1003, 1014–15. Indeed, the Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" to expand either exception beyond its proper bounds because doing so "risks premature dismissals of plausible claims." *Id.* at 998.

## II. THE COURT SHOULD NOT ACCEPT AS TRUE THE DISPUTED FACTUAL ASSERTIONS IN EXHIBITS A–C

### A. Defendant's Motion Impermissibly Cites Exhibits A–C As Proof of Facts Asserted in Defense of Defendant's Unlawful Conduct

Judicial notice does not permit a court to accept the truth of facts asserted within a noticed document. A court may judicially notice "matters of public record," but "notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true." *Kripke v. Safeway, Inc.*, 2018 WL 3491903, at *3 (N.D. Cal. July 20, 2018) (citation omitted); *see also NJOY, LLC v. Imiracle (HK) Ltd.*, 760 F. Supp. 3d 1084, 1099 (S.D. Cal. 2024) ("A court may thus take judicial notice of matters of public record, but not the truth of facts within those records that are subject to reasonable dispute."). Plaintiffs do not dispute that the Court may examine Exhibits A and B and determine what their terms say.[2] Plaintiffs object only to Flock's attempt to use representations in Exhibits A–C to prove how its system actually operated.

Specifically, Defendant cites Exhibits A and B to "explain" the truth of its contention that "ALPR data 'is owned by the customer' and '[c]ustomers choose whether to share LPR data with other customers in accordance with their laws and policies.'" (Dkt. 54 at 2 & n.1.) And

[2] Plaintiffs do not dispute that Exhibits A and B are incorporated into the CAC insofar as Count 1 (Failure to Implement and Conspicuously Post a Compliant Usage and Privacy Policy) concerns the deficiencies in all of Flock's usage and privacy policies between 2023 and the present. (Dkt. 52 ¶¶ 55, 76, 84, 92, 100, 118–149.) Exhibit C, however, is different: the CAC quotes it once, and no claim depends on the blog post. (*Id.* ¶ 61.) That isolated reference does not incorporate Exhibit C. *See Khoja*, 899 F.3d at 1002.

Defendant cites the blog post, Exhibit C, to evince the truth of its assertion that "[i]n addition to providing customers with a searchable database of data from their own cameras, Flock operates a computer network that allows a customer to 'allow[] another agency to access its system' and search its license plate data, enabling law enforcement to locate kidnapped children and track criminals across jurisdictional lines." (*Id.* at 2 & n.2.) But that the CAC cites or quotes these documents does not establish that Flock customers exercised exclusive control over sharing, that Flock lacked technical control over access, or that the network operated consistently with Flock's representations.[3] The Ninth Circuit has declined to accept the truth of a document's contents in precisely this posture. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (finding it proper to consider a disability benefits plan referenced in the complaint, but declining to accept the truth of its contents where the parties disputed whether the defendant implemented the plan according to its terms). Without the benefit of discovery, neither Plaintiffs nor the Court have any way of knowing whether these contentions of fact, based on the language of Exhibits A–C, are true or not.

### B. Exhibits A–C Cannot Establish Facts About Flock's Practices Before Their Respective Dates

Even if the Court were to notice Exhibits A–C for the truth of their contents—which, for the reasons explained above, it should not—the exhibits could not establish the contents of Flock's earlier policies or how its system operated before their respective dates. For example, Exhibit A, Flock's License Plate Reader Policy, states that it was "Last Updated: November 13, 2025." (Dkt. 54-2 at 2.) Exhibit B, Flock's Terms and Conditions, states that it was "Last Updated: February 16, 2026." (Dkt. 54-4 at 2.) And Exhibit C, the blog post titled "Setting the Record Straight: Statement on Flock Network Sharing, Use Cases, and Federal Cooperation," states that it was "Published: June 19, 2025." (Dkt. 54-5 at 2.) Yet Plaintiffs' claims are subject to a three-year statute of limitations, *see* Cal. Code Civ. Proc. § 338(a), and they allege that

[3] Plaintiffs likewise rely on the archived June 2023 policy submitted with their opposition to Flock's motion to dismiss only as evidence of what the policy said, not as proof that Flock in fact followed it. (*See* Dkt. 60 at 4, 9-10, 12; Dkt. 60-1.)

Flock's cameras captured images of their vehicles "since at least 2023," before the dates shown on Exhibits A–C. (Dkt. 52 ¶¶ 76, 84, 92, 100.)

Flock nonetheless relies on these later-dated exhibits to describe its data-ownership and data-sharing practices and, as to Exhibits A and B, to argue that its policy satisfies SB 34 and requires authorized uses. (Dkt. 54 at 2 & nn.1–2, 8–9, 12, 14.) But none of the exhibits state that the policies or system configurations it describes applied throughout the period beginning in 2023. Exhibits A and B therefore cannot establish the language of earlier policies or Terms, and Exhibits A–C cannot establish how Flock's network operated throughout the earlier period.

Treating Exhibits A–C as proof of Flock's practices throughout the entirety of the class period is therefore doubly improper: first, because neither judicial notice nor incorporation by reference permits the Court to accept disputed factual representations within the exhibits as true; and second, because even taken at face value, the later-dated exhibits cannot establish what earlier policies or Terms said or how Flock's system previously operated.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's request insofar as it asks the Court to treat the disputed factual assertions in Exhibits A–C as true.

Respectfully submitted,

**DORIAN ELDRIDGE, SILAS PEREZ, LANCE DUTCHER, and SEAN MCGINITY**, individually and on behalf of all others similarly situated,

Dated: August 27, 2026

By: /s/ *Schuyler Ufkes*

**EDELSON PC**
J. Aaron Lawson (SBN 319306)
alawson@edelson.com
Mickey Terlep (SBN 367340)
mterlep@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300

**EDELSON PC**
Schuyler Ufkes (admitted *pro hac vice*)

sufkes@edelson.com
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN 354768)
pfraietta@bursor.com
Julia K. Venditti (SBN 332688)
jvenditti@bursor.com
50 Main Street, Suite 475
White Plains, NY 10606
Tel: 914.874.0708
Fax: 914.206.3656

*Plaintiffs' Interim Class Counsel*