Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
Nina Leviten (No. 351970)
nina.leviten@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4164
Telephone: 415-471-3100
Facsimile: 415-471-3400

Alex Beroukhim (No. 220722)
alex.beroukhim@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213-243-4000
Facsimile: 213-243-4199

*(Additional counsel on signature page)*

*Attorneys for Defendant Flock Group Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FLOCK GROUP INC. AUTOMATED LICENSE PLATE READER LITIGATION | Case No. 3:26-cv-02375-VC<br><br>**REPLY IN SUPPORT OF FLOCK'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: September 24, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 3- 17th Floor<br>Judge: Honorable Vince Chhabria |

Plaintiffs agree that their complaint incorporated by reference two of the three documents that Flock identified in its request for judicial notice—Flock's LPR Policy (Declaration of Mary DeWolfe Declaration, Exhibit A (ECF No. 54-2)) and Terms and Conditions (Declaration of Douglas Winthrop, Exhibit B (ECF No. 54-4)). *See* Request for Judicial Notice ("RJN"), ECF No. 54-6. And Plaintiffs concede that the Court may consider the written terms of those documents in determining whether Plaintiffs have plausibly pleaded that Flock's policy violated California's ALPR statute. Instead, Plaintiffs quibble with the purposes for which the documents may be considered. Those arguments lack merit and, regardless, are irrelevant to the resolution of Flock's motion.

Plaintiffs dispute that their complaint incorporates the Flock blog post attached as Declaration of Douglas Winthrop, Exhibit C (ECF No. 54-5). That contention also lacks merit. Nor is Flock improperly relying on the blog post to establish any "disputed factual assertions," as Plaintiffs wrongly contend. Plaintiffs' Opposition to Defendant Flock Group Inc.'s Request for Judicial Notice ("Opp.") 1, ECF No. 61. In any event, Flock only cited Exhibit C in the background section of its motion. Flock's request for judicial notice should be granted.

**Exhibits A and B (Flock's LPR Policy and Terms and Conditions)**

As Flock explained in its motion and request for judicial notice, and as Plaintiffs concede, the Court may appropriately consider Exhibits A and B because they represent the complete text of the LPR policy and terms and conditions that the complaint alleges are inadequate. RJN 2; Opp. 1. Plaintiffs contend that these exhibits "[can] not establish the content of Flock's earlier policies or how its system operated before their respective dates." Opp. 3. But Flock is not relying on the exhibits as evidence of prior policies.

Nor does Flock need to establish the content of any prior policies. Plaintiffs note that they allege that Flock captured images of their license plates since 2023, and the Exhibit A and Exhibit B policies post-date 2023. Opp. 3-4. But Plaintiffs do not dispute that the documents Flock attached are the same documents Plaintiffs quote and rely on in their complaint. The complaint does not identify any prior policies or plead any factual allegations about any policies other than other than the ones in Exhibit A and Exhibit B, much less any factual allegation explaining how any prior policy allegedly violated SB 34. *See* Consolidated Amended Class Action Complaint ("CAC") ¶¶ 118-48, ECF No.

52. Plaintiffs say that Flock cannot rely on Exhibit A and Exhibit B to establish that its "policy satisfies SB 34" because of the possibility of earlier policies (Opp. 4), but Flock is not required to demonstrate in a motion to dismiss that every policy it has ever had complies with SB 34; it is required to address the particular policies that Plaintiffs contend give rise to their claims.

Plaintiffs also say that Flock cannot rely on Exhibits A and B for their truth. Opp. 2. Other than Flock's use of the word "explain" (*see id.*), it is unclear what Plaintiffs are substantively objecting to. Flock's policy statement that customers "choose whether to share LPR data with other customers in accordance with their polices," for example, establishes that that is what Flock's policy says. *Cf. id.* Nor have Plaintiffs alleged that the posted policy does not reflect Flock's actual practice. *See* CAC ¶ 120 (alleging instead that "Flock's posted LPR Policy is not compliant with Civil Code section 1798.90.51, subdivision (b) because it does not provide the public the statutorily required disclosures . . . ."). And Flock is not asserting that the policy statement establishes that customers always act consistently with their own policies.

**<u>Exhibit C (June 2025 Blog Post)</u>**

Plaintiffs contend that Exhibit C is not incorporated by reference because their complaint "quotes it once" and "no claim depends" on it. Opp. 2 n.2. That is incorrect. Plaintiffs rely on the June 2025 blog post for the proposition that Flock eliminated California agencies' ability to participate in national lookup in June 2025 to "make compliance easier." CAC ¶ 61. Though the complaint only cites the blog post by *name* in one paragraph (*id.*), it repeatedly relies on the facts it drew from the blog post. *See id.* (asserting that the reference to making "compliance easier" confirm that Flock did not "ensure compliance"); *id.* ¶ 44 (alleging that the "timing" of the June 2025 removal "amounts to a tacit admission that Flock's configuration violated California law"); *id.* ¶ 159 (asserting that Flock knew of unlawful sharing because it did not remove the national lookup option for California agencies until June 2025); *id.* ¶ 55 (relying on June 2025 date).

The whole point of the incorporation by reference doctrine—as Plaintiffs' own cited authority recognizes—is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Flock merely requests that

the Court consider the entirety of the post, instead of Plaintiffs' chosen excerpt. Nor may Plaintiffs rely on the blog post as evidence of what happened *before* the post date—i.e., as evidence that, before June 2025, Flock permitted customers to choose national sharing—while arguing that Flock may not rely on it for the same period. Opp. 4.

In any event, nothing about the blog post is critical to Flock's motion, which cited it only in the background section. Nor is Flock relying on Exhibit C to establish disputed facts. Indeed, Plaintiffs do not identify a single fact pleaded in the complaint that Exhibit C (or Exhibits A or B) dispute. *See* Opp. 2-3. This case is accordingly not like *Sgro v. Danone Waters of North America, Inc.*, 532 F.3d 940 (9th Cir. 2008), in which Plaintiffs specifically alleged that the plan documents at issue did not reflect the defendant's actual practice with respect to the plan. *Id.* at 943 n.1. Here, the complaint does not dispute that sharing across state lines assists law enforcement in catching criminals across state lines. And Flock's citation of Exhibit C for the proposition that customers could choose whether to permit national sharing is consistent with the complaint's allegations that customers "allow" access through national lookup. *E.g.*, CAC ¶ 52.

The Court should grant Flock's request for judicial notice in its entirety.

Dated: September 10, 2026

Arnold & Porter Kaye Scholer LLP

/s/ *Douglas A. Winthrop*
Douglas A. Winthrop
Alex Beroukhim
Nina Leviten

Elisabeth S. Theodore (*pro hac vice* forthcoming)
elisabeth.theodore@arnoldporter.com
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999

Daniel E. Raymond (*pro hac vice* forthcoming)
daniel.raymond@arnoldporter.com
300 North LaSalle Drive, Suite 3500
Chicago, IL 60654
Telephone: 312-583-2300
Facsimile: 312-583-2360

*Attorneys for Defendant Flock Group Inc.*