UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: FLOCK GROUP INC. AUTOMATED LICENSE PLATE READER LITIGATION

Case No. 26-cv-02375-VC

**ORDER REMANDING CASE TO STATE COURT**

Re: Dkt. No. 54

The plaintiffs brought five state-law claims against Flock on behalf of themselves and a putative class in state court. Flock removed to federal court under the Class Action Fairness Act and now moves to dismiss the consolidated complaint. At the hearing, the Court expressed skepticism that the plaintiffs have standing to assert their first four claims in federal court. The parties agreed that if the Court ultimately reached this conclusion, it should remand the case without considering the fifth claim. And that's what will happen. This ruling assumes that the reader is familiar with the facts, the applicable law, and the arguments made by the parties.

The plaintiffs' first four claims allege that Flock violated several provisions of California's automated license plate reader (ALPR) statute. That statute imposes a set of requirements and restrictions on "operators" and "end-users" of ALPR systems. Cal. Civ. Code §§ 1798.90.5-.90.55. For example, the statute requires ALPR operators to "[m]aintain reasonable security procedures and practices," to maintain audit records of end-users' access to ALPR information, and to "[i]mplement a usage and privacy policy" with an eye toward protecting "individuals' privacy and civil liberties." *Id.* §§ 1798.90.51(a), (b)(1), 1798.90.52(a). Most important here, the statute prohibits public agencies within California from sharing ALPR information with state and local

agencies outside of California and with federal agencies. *Id.* § 1798.90.55(b); Dkt. No. 52 (Compl.) ¶¶ 25-26.

The plaintiffs argue that they have standing to challenge Flock's alleged statutory violations under two distinct theories of harm. Under one theory, Flock harmed the plaintiffs by merely collecting and compiling their ALPR information. *See* Dkt. No. 60 at 6-8. The plaintiffs argue that Flock invades their privacy by making "repeated, timestamped observations of Plaintiffs' vehicles" and "compil[ing] those records into individual dossiers" within a searchable database, and that the resulting harm underlies Claims 1 and 3. *Id.* at 6. Regardless of whether that privacy injury is sufficiently "offensive" to give rise to Article III standing as a general matter, this theory of standing fails for those claims because the injury is not "fairly traceable to the challenged conduct of the defendant." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Claims 1 and 3 challenge Flock's alleged failure to satisfy two procedural safeguards established by California's ALPR statute: the requirement to implement and post a compliant usage and privacy policy and the requirement to maintain reasonable security procedures and practices. Compl. ¶¶ 113-150, 164-170. But those procedural violations didn't (and couldn't) have caused the privacy harm the plaintiffs assert here. Instead, that harm is caused by Flock's core activity—collecting and compiling ALPR information—which is itself not unlawful under California's ALPR statute. *See Mata v. Digital Recognition Network, Inc.*, 346 Cal. Rptr. 3d 333, 337 (Cal. Ct. App. 2026).[1]

Under the plaintiffs' other theory of standing, Flock harmed the plaintiffs by causing their ALPR information to be shared with unauthorized parties. *See* Dkt. No. 60 at 8. The plaintiffs contend that this harm establishes standing for Claims 2, 3, and 4. *Id.* Under California's ALPR statute, in-state public agencies cannot share ALPR information with out-of-state or federal agencies. Cal. Civ. Code § 1798.90.55(b); Compl. ¶¶ 25-26. The plaintiffs allege that Flock caused

[1] This theory of standing may cash out differently for Claim 5, which alleges that Flock's collection and compilation of ALPR information violate the plaintiffs' right to privacy under the California Constitution. But this order does not reach Claim 5 because the parties have stipulated to a remand in the event the plaintiffs lack standing to bring Claims 1 through 4.

their ALPR information to be shared with those unauthorized parties by designing its searchable database (and the security and recordkeeping policies surrounding it) in a manner that permitted federal and out-of-state agencies to access ALPR information collected by California public agencies. Compl. ¶¶ 151-179. As applied to standing, the theory is that Flock's dissemination of the plaintiffs' ALPR information to a specific category of parties (out-of-state and federal agencies) inflicted on the plaintiffs a discrete privacy harm, beyond any harm that may result from Flock's dissemination of the information to other parties (California agencies). *See* Dkt. No. 60 at 8.

Here, the problem is not with causation, but with the asserted injury itself. To have Article III standing, the plaintiffs must have suffered a "concrete" injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). In the context of alleged statutory violations like Claims 1 through 4, that injury cannot come from a defendant's violation of the "statutory prohibition[s] or obligation[s]" alone. *Id.* at 426. Here, the distinction between in-state and out-of-state law enforcement agencies is itself a product of California's ALPR statute. *See* Cal. Civ. Code § 1798.90.55(b); Compl. ¶¶ 25-26. And the plaintiffs have not explained how the alleged injury of sharing information with only a subset of law-enforcement agencies constitutes an Article III injury, independent of any alleged statutory injury.[2]

Because the parties stipulated to a remand in the event the Court determined that the plaintiffs lack standing to assert the first four claims, there is no need to consider the plaintiffs' standing to bring the fifth claim for invasion of privacy under the California Constitution. Dkt. Nos. 67, 68; Dkt. No. 72 at 3:7-12. The case is accordingly remanded to the Contra Costa County Superior Court.

---

[2] While it's true that Flock's dissemination of private information—in the abstract—might be sufficiently analogous to the harm vindicated by the common-law tort of public disclosure of private facts, the harm the plaintiffs assert here is not that resulting from Flock's dissemination of ALPR information full stop. *See TransUnion*, 594 U.S. at 425; Restatement (Second) of Torts, § 652D; *Black v. IEC Group, Inc.*, 2026 WL 3031874, at *5 n.2 (9th Cir. Oct. 9, 2026). According to the plaintiffs, the harm lies in Flock's dissemination of their information to a specific category of parties that is identifiable only because it's defined by statute. But the plaintiffs do not explain whether or how that discrete harm tracks the harm vindicated by public disclosure.

**IT IS SO ORDERED.**

Dated: November 20, 2026

VINCE CHHABRIA
United States District Judge